UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JTH TAX, INC. d/b/a LIBERTY TAX
SERVICE,

                Plaintiff,

v.

CLAUDIA MAGNOTTE, PAUL
MAGNOTTE, and RELIABLE
INCOME TAX, LLC,

                Defendants.
_____/

Case No. 19-cv-11607

Paul D. Borman
United States District Judge

David R. Grand
United States Magistrate Judge

OPINION & ORDER: (1) DENYING DEFENDANTS' SECOND MOTION TO DISMISS (ECF NO. 25); and (2) GRANTING, IN PART, PLAINTIFF'S CROSS-MOTION FOR AN EQUITABLE EXTENSION OF THE NON-COMPETE AND NON-SOLICITATION PROVISIONS OF THE FRANCHISE AGREEMENT (ECF NO. 26)

## I.  INTRODUCTION

Now before the Court is Defendants Claudia and Paul Magnotte's Second Motion to Dismiss (ECF No. 25) and Plaintiff JTH Tax, Inc., d/b/a Liberty Tax Service (Liberty)'s Cross Motion for an Equitable Extension of the Non-Compete and Non-Solicitation Provisions of the Franchise Agreement (ECF No. 26.) Plaintiff Liberty filed a Response to the Magnottes' Second Motion to Dismiss that

also contained the arguments in support of its Cross-Motion (ECF No. 27),[1] and the Magnottes did not file a reply in support of their Motion nor did they file a response to Liberty's Cross-Motion. Nevertheless, the Court finds that the facts and legal arguments are adequately presented in the papers, and therefore resolves the motions without oral argument. E.D. Mich. LR 7.1(f)(2).

## II. BACKGROUND

This case arises from the Magnottes' alleged breach of the post-termination requirements of the three Franchise Agreements that the Magnottes, along with non-party Lubove Cunningham, signed on behalf of their LLC, Reliable Income Tax, LLC (Reliable) with Liberty. (ECF No. 22-2, Exhibit A; ECF No. 22-3, Exhibit B; ECF No. 22-4, Exhibit C.) In the Franchise Agreements, the Magnottes agreed to jointly and severally perform the obligations in the agreements, which included a two-year post-termination covenant not to compete within a 25-mile radius around the territory, a two-year post-termination covenant not to solicit any person or entity served by the Liberty franchise within a 25-mile radius around the territory for the purpose of offering tax services, and several other post-termination

---

[1] This is a violation of Local Rule 7.1: "[u]nless the Court permits otherwise, each motion and response to a motion must be accompanied by a single brief." E.D. Mich. LR 7.1(d)(1)(A).

obligations.² (ECF No. 22-2, Exhibit A, PgID 441–42, 450; ECF No. 22-3, Exhibit B, PgID 472–73, 481; ECF No. 22-4, Exhibit C, PgID 499–501, 507.)

Liberty terminated the Franchise Agreements on January 16, 2018. (ECF No. 22-8, Exhibit G, PgID 527–28.) Then, according in Liberty, the Magnottes and Reliable violated the post-termination requirements. First, the Magnottes and Reliable did not return Liberty's confidential information, such as client files containing customer lists, past tax returns, files, and other information, and Liberty's confidential Operations Manual. (ECF No. 22, Declaration of Anthony Cali, PgID 420, ¶¶ 22–23.) Second, Mr. Magnotte did not update his LinkedIn profile to reflect that his is no longer a Liberty Franchisee and still lists himself as "Owner at Liberty Tax Service." (*Id.* at PgID 419, ¶ 18; ECF No 22-10, Exhibit I, PgID 541.)

Third, in January of 2019, the Magnottes began to violate the non-compete and non-solicitation covenants. Ms. Magnotte launched a Facebook page for

---

² These include (a) selling back to Liberty equipment, signs, trade-fixtures, and furnishings used in the franchise, (b) ceasing to identify or holding out as a Liberty franchisee or former franchisee or using Liberty Marks in any way, (c) transferring to Liberty all phone numbers, listings, and advertisements used for the franchise, (d) delivering to Liberty "any original and all copies, including electronic copies and media, of lists and other sources of information containing the names, addresses, email addresses, or phone numbers of customers," (e) delivering to Liberty "any originals and all copies, including electronic copies and media, containing customer tax returns, files, and records," and (f) returning Liberty's Operations Manual and any updates to it. (ECF No. 22-2, Exhibit A, PgID 441; ECF No. 22-3, Exhibit B, PgID 472; ECF No. 22-4, Exhibit C, PgID 499.)

"Phoenix Tax," a Tax Preparation Service" with principal place of business at 26815 Kaiser, Roseville MI. (ECF No. 22-9, Exhibit H, PgID 530–39.) That address is the registered office of Reliable and a location of the former Liberty franchise. (ECF No. 22-5, Exhibit D, PgID 520.) It is also within 25 miles of all three subject-territories of the Franchise Agreements. (*See* ECF No. 22-2, Exhibit A, PgID 453; ECF No. 22-3, Exhibit B, PgID 484; ECF No. 22-4, Exhibit C, PgID 509.) The Magnottes, under the name Phoenix Tax, also sent letters to former Liberty customers saying, "[w]e've done your taxes in the Past and we would really love to do you [sic] taxes this year" and contained the web address for the Phoenix Tax Facebook page. (ECF No. 22-11, Exhibit J, PgID 545–46.)

Liberty first filed this suit on May 31, 2019, seeking damages and injunctive relief against the Magnottes, Reliable, and Lubove Cunningham. (ECF No. 1, Complaint.) On September 9, the Magnottes responded to the Complaint with a Motion to Dismiss because they had filed for Chapter 7 Bankruptcy and received a discharge of their debts, so Liberty's claims for damages violated the permanent injunction on attempts to collect pre-bankruptcy debts. (ECF No. 11.) This Motion prompted Liberty to amend its Complaint to seek only injunctive relief against the Magnottes, seek damages and injunctive relief against Reliable, and to drop Lubove Cunningham as a defendant. (ECF No. 16, Second Amended Complaint.) Reliable never answered the Complaint.

At a hearing held on December 4, 2019, the Court found that Liberty's Second Amended Complaint was the operative complaint, which rendered the Magnottes' Motion to Dismiss moot. (*See* ECF No. 21, Order (memorializing Court's ruling from the bench).) The Court also indicated that it was available to rule on a motion for a preliminary injunction enforcing the non-compete and non-solicitation covenants should Liberty decide to file one before their two-year term expired on January 16, 2020.

Liberty filed its Motion for Temporary Restraining Order and Preliminary Injunctive Relief on December 12, 2012. (ECF No. 22.) The Magnottes never responded, and the Court granted Liberty's Motion to the extent that it requested a preliminary injunction against the Magnottes. (ECF No. 23.) The Court ordered the following:

> (1) Defendants Paul and Claudia Magnotte are enjoined from using any telephone number of any former Liberty franchise;
>
> (2) Defendants Paul and Claudia Magnotte are required to transfer the telephone numbers for their former Liberty franchises to Liberty;
>
> (3) Defendant Paul Magnotte is enjoined from continuing to hold himself out as a Liberty franchisee;
>
> (4) Defendants Paul and Claudia Magnotte are required to return to Liberty, at their expense, all printed materials provided by Liberty to Defendants, including, without limitation, all manuals, customer lists, advertising material, stationery and printed forms and all other matters

relating to the operation of the franchises and/or bearing Liberty's Marks;

(5) Defendants Paul and Claudia Magnotte are required to deliver to Liberty, at their expense, any original and all copies and media, of lists and other sources of information containing the names, addresses, e-mail addresses, or phone numbers of customers who patronized the Liberty franchises, and any original and all copies, including electronic copies and media, containing customer tax returns, files, and records;

(6) Defendants Paul and Claudia Magnotte are enjoined from continuing to operate a tax preparation business and soliciting former Liberty customers for that business in violation of the covenants not to compete or solicit contained within the Franchise Agreements until those covenants expire on January 16, 2020; and

(7) Defendants Paul and Claudia Magnotte are enjoined from using any confidential information obtained from Liberty's manual or system in any future tax preparation business they might operate.

(ECF No. 23, Order Granting Preliminary Injunction, PgID 634–36.)

Then, on January 24, 2020, the Magnottes filed a second Motion to Dismiss, arguing that the claims against them are moot because the non-compete and non-solicitation covenants expired. (ECF No. 25.) The Magnottes did not indicate that they had complied with the other requirements of the preliminary injunction, such as returning to Liberty its confidential information, transferring telephone numbers back to Liberty, or ceasing to hold themselves out as Liberty franchisees.

6

Liberty responded with its Cross-Motion for Equitable Extension of the Non-Compete and Non-Solicitation Provisions of the Franchise Agreement. (ECF No. 26.) It argues that the Magnottes' blatant breaches of the non-compete and non-solicitation covenants deprived it of the benefit of those covenants, so this Court should use its powers in equity to extend those covenants for an additional two years. (*Id.*; *see also* ECF No. 27, Response and Brief in Support of Motion.) The Magnottes did not respond to Liberty's Cross-Motion and did not reply to Liberty in support of their Motion to Dismiss.

### III. ANALYSIS

#### A. Motion to Dismiss

The Magnottes' Second Motion to Dismiss is based on an incorrect interpretation of the preliminary injunction granted on January 10, 2020—that it enforced only the non-compete and non-solicitation provisions of the Franchise Agreements and, therefore, lasted only until January 16, 2020. (*See* ECF No. 25, Second Motion to Dismiss, PgID 639, ¶ 7 ("On January 10, 2020, the Court entered an Order Partially Granting Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22), under which a Temporary Restraining Order and Preliminary Injunctive Relief were granted against Defendants Paul and Claudia Magnotte until January 16, 2020.").) In fact, six out of the seven specific requirements in the preliminary injunction were related to

other post-termination requirements, such as returning Liberty's confidential materials, transferring telephone numbers back to Liberty, and ceasing the use of Liberty's confidential information when the covenants not to compete or solicit expired, and, as such, were not affected by the expiration of the two-year covenants. (ECF No. 23, Order Granting Preliminary Injunction, PgID 634–36.)

The Magnottes did not claim to have complied with the preliminary injunction, much less provide any proof that, as required by order of this Court, they (1) stopped using any telephone number of any former Liberty franchise; (2) transferred the telephone numbers for their former Liberty franchises to Liberty; (3) stopped holding themselves out as a Liberty franchisee; (4) returned to Liberty, at their expense, all printed materials provided by Liberty to Defendants, including, without limitation, all manuals, customer lists, advertising material, stationery and printed forms and all other matters relating to the operation of the franchises and/or bearing Liberty's Marks; (5) delivered to Liberty, at their expense, any original and all copies and media, of lists and other sources of information containing the names, addresses, e-mail addresses, or phone numbers of customers who patronized the Liberty franchises, and any original and all copies, including electronic copies and media, containing customer tax returns, files, and records; and (6) stopped using any confidential information obtained from Liberty's manual or system in the tax preparation business operated after the covenants expired. (*Id.*)

In other words, the Magnottes have not provided any factual basis upon which the Court can find that this action to stop their breach of their Franchise Agreements is moot. Accordingly, their Second Motion to Dismiss is denied. (ECF No. 25.)

### B. Cross-Motion for Equitable Extension

Liberty asks the Court to exercise its broad equitable powers to extend the non-compete and non-solicitation covenants in the Franchise Agreements for two years, starting on the date that the Court enters the order of extension. (ECF No. 26.) The construction and enforceability of those covenants is a matter of Virginia law. (*See* ECF No. 23, Order Granting Preliminary Injunction, PgID 630–31.)

Virginia courts will enforce a contractual covenant not to compete starting on the date of the Court's judgment rather than the termination date of the contract containing the non-compete in certain circumstances. *See Roanoke Eng'g Sales Co., Inc. v. Rosenbaum*, 223 Va. 548, 553–56 (1982) ("The decree will be reversed and the cause remanded to the circuit court for the entry of a decree enjoining the appellee from violating the non-competition provisions of the employment contract for a period of two and one-half years (30 months) from the date of entry of the decree."). These circumstances exist where "the increasing burdens of the judicial system" not the actions of the parties, contributed "to the delay which carried the time of decision . . . past the expiration of the protected period." *Id.* at 554. A party's delay in filing suit is a dilatory action which will count against it when a

court considers whether the party unnecessarily contributed to the delayed judgment. *See id.* (docking six months from the prospective injunction due to plaintiff's six-month delay in filing suit); *see also Preferred Sys. Sols. v. GP Consulting, LLC*, No. CL-2010-6693, 2011 Va. Cir. LEXIS 98, at *6–8 (2011) (denying prospective relief because, in part, plaintiff waited two months after breach to file suit). Further, a party's decision not seek a temporary injunction when one was available will also count as an action which contributed to the delayed judgment. *See Preferred Sys. Sols.*, No. CL-2010-6693, 2011 Va. Cir. LEXIS 98, at *7–8 ("Although it is true that the trial date came later, [Plaintiff] could have sought a temporary injunction immediately. It did not do so.")

Here, Liberty alleges that the Magnottes breached the covenants not to compete or solicit "at least as early as February 8, 2019," and that they continued to do so until the covenants expired on January 16, 2020. (ECF No. 16, Second Amended Complaint, PgID 234, ¶ 83.) In other words, the Magnottes violated the covenants for roughly eleven months. The Magnottes also failed to comply with their post-termination obligations to return confidential information to Liberty, and, as far as the Court is aware, still have not complied with these obligations. In its prior order, this Court found that "[i]t would be a fundamental injustice to allow the Magnottes to retain Liberty's confidential information, including customer lists and contact information, in order to use that information to compete with Liberty."

10

(ECF No. 23, Order Granting Preliminary Injunction, PgID 633.) This injustice has persisted for the last six months. Thus, the Court finds that the Magnottes have been in breach of their duties for seventeen months.

Liberty, however, did not file suit until May 31, 2019, a delay of nearly four months. Further, Liberty did not seek a temporary restraining order or preliminary injunction until December 12, 2020, despite the availability of these forms of relief.[3] This delayed the enforcement of the covenants by another six months. These delays, attributable to Liberty's actions, offset ten of the seventeen months that the Magnottes breached the covenants. *Cf. Roanoke*, 223 Va. at 554 (shortening prospective injunction by period of delay attributable to plaintiff). It is therefore appropriate for the Court to use its powers in equity to extend the period of the non-compete and non-solicitation covenants for seven months from the date of this order.

### IV. CONCLUSION

For those reasons, the Court DENIES Defendants Claudia and Paul Magnotte's Second Motion to Dismiss (ECF No. 25) and GRANTS, IN PART, Plaintiff's Cross-Motion for Equitable Extension of the Non-Compete and Non-

---

[3] Although Liberty, in each amended version of its Complaint, indicated that it was seeking "an immediate injunction" (*see, e.g.*, ECF No. 4, Amended Complaint, PgID 33, ¶ 2), the Local Rules are clear that "[r]equests for temporary restraining orders and for preliminary injunctions must be made by a separate motion." E.D. Mich. LR 65.1.

Solicitation Provisions of the Franchise Agreement (ECF No. 26). Accordingly, the Court hereby orders that Defendants Paul and Claudia Magnotte are enjoined from continuing to operate a tax preparation business and soliciting former Liberty customers for that business in violation of the covenants not to compete or solicit contained within the Franchise Agreements for SEVEN MONTHS starting from the date of this order.

Defendants Paul and Claudia Magnotte are further reminded that:

(1) Defendants Paul and Claudia Magnotte are enjoined from using any telephone number of any former Liberty franchise;

(2) Defendants Paul and Claudia Magnotte are required to transfer the telephone numbers for their former Liberty franchises to Liberty;

(3) Defendant Paul Magnotte is enjoined from continuing to hold himself out as a Liberty franchisee;

(4) Defendants Paul and Claudia Magnotte are required to return to Liberty, at their expense, all printed materials provided by Liberty to Defendants, including, without limitation, all manuals, customer lists, advertising material, stationery and printed forms and all other matters relating to the operation of the franchises and/or bearing Liberty's Marks;

(5) Defendants Paul and Claudia Magnotte are required to deliver to Liberty, at their expense, any original and all copies and media, of lists and other

sources of information containing the names, addresses, e-mail addresses, or phone numbers of customers who patronized the Liberty franchises, and any original and all copies, including electronic copies and media, containing customer tax returns, files, and records; and

(6) Defendants Paul and Claudia Magnotte are enjoined from using any confidential information obtained from Liberty's manual or system in any future tax preparation business they might operate.

IT IS SO ORDERED.

Dated: July 27, 2020                                s/Paul D. Borman
                                                              Paul D. Borman
                                                              United States District Judge